## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JULIAN MAESTAS,

               Plaintiff,

v.                                         Civ.  No. 05-242 JH/ACT

CARDINAL HEALTH PTS, LLC,
PATRICIA McCLAFFERTY,
KENT LANE, BRUCE ANTHENAT,
AND KEN WALKER,

               Defendants.

### MEMORANDUM OPINION AND ORDER OF REMAND

This matter comes before the Court on two closely related motions: *Defendants' Rule 12(b)(6) Motion to Dismiss for Fraudulent Joinder* [Doc. No. 7] and *Plaintiff's Motion to Remand* [Doc. No. 14].  The issue presented by both motions is whether Defendants have met their burden to show that this Court has subject matter jurisdiction over the present controversy.  In addition, the Court raises *sua sponte* the issue of whether the jurisdictional amount was satisfied at the time the Defendants removed the case.  After a careful review of the pleadings, the facts, the law, and the arguments of counsel, the Court finds that Defendants have failed to meet their burden.  Accordingly, Defendants' motion will be denied, Plaintiff's motion will be granted, and the case will be remanded to the Second Judicial District Court, Bernalillo County, New Mexico.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has alleged the following facts in his complaint, which the Court will accept as true:

Plaintiff Julian Maestas ("Maestas"), a New Mexico resident, has been employed by Defendant Cardinal Health PTS, LLC ("Cardinal"), a Delaware corporation with its headquarters in

Ohio, since April of 2002, when he was hired as a Maintenance Craftsman.  Defendant Ken Walker ("Walker") was his supervisor.  Defendant Patricia McClafferty ("McClafferty") was Cardinal's Human Resources Manager, defendant Kent Lane ("Lane") was the manager of the engineering department, and defendant Bruce Anthenat ("Anthenat") was the director of the engineering department.  Walker, McClafferty, Lane, and Anthenat are all residents of the State of New Mexico.

In December of 2002, Cardinal awarded Maestas with recognition and a monetary bonus for working with a team to complete a very difficult task.  In May of 2003, Maestas received a positive performance appraisal and a 3.25% merit increase in compensation.  In July and August of 2003, Cardinal advertised four openings for Maintenance Shift Supervisors, with each position assigned to supervise Maintenance Craftsmen on each of the four shifts. On July 31, 2003, Maestas applied for the new supervisor position, for which he was qualified.  However, he was never interviewed, and ultimately his application was rejected.  Cardinal hired Anglos to fill three of the four supervisor positions, and of those three individuals, two had less seniority than Maestas and all had less experience than Maestas.  Defendants McClafferty, Lane, and Anthenat were responsible for the decision not to promote Maestas.

On October 6, 2003, Maestas filed a charge with the New Mexico Human Rights Division alleging that Cardinal denied him a promotion as a result of illegal discrimination based upon his national origin.  After that date, defendants retaliated against Maestas in a variety of ways, including continuing to refuse to promote him to the remaining supervisor position, failing to pay him at the same rate as new employees in the position of Maintenance Craftsman, failing to honor medical restrictions resulting from a work-related injury, giving him a poor performance evaluation, and permitting his co-workers to harass him.  On September 20, 2004, Maestas amended his

2

administrative charge to include a claim of retaliation.  Plaintiff has received "right to sue" letters on both charges.

On January 12, 2005, Maestas filed his "First Amended Notice of Appeal and Complaint for Damages" in New Mexico state district court.  Against Cardinal he asserts claims for national origin discrimination in violation of the New Mexico Human Rights Act ("NMHRA"), breach of contract, and breach of the  duty of good faith and fair dealing.  Plaintiff claims that defendants Cardinal, McClarfferty, Anthenat, and Walker are liable for retaliation in violation of the NMHRA.  Maestas also asserts a claim against defendants McClafferty, Lane and Anthenat for tortious interference with contractual relations.  Finally, Maestas claims that all defendants are liable for prima facie tort.

On March 3, 2005, Defendants removed the case to this Federal District Court on the basis of diversity jurisdiction.  On the same date, they filed their motion to dismiss, alleging that the individual defendants—all of whom are New Mexico residents—had been fraudulently joined in order to destroy complete diversity among the parties.

## LEGAL STANDARD

Federal court jurisdiction is to be strictly construed.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868 (1941).  Where a case was originally filed in state district court, a presumption exists against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (Kelly, J.), and the court must resolve all doubts against removal, *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982);  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing that removal was properly accomplished.  *Martin*, 251 F.3d at 1290.

3

The party asserting the right to removal based upon fraudulent joinder bears an even heavier burden.  "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Indus., Inc.*, 71 F. Supp. 2d 1145, 1146-47 (D.N.M. 1999) (Baldock, J., sitting by designation) (citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir.1956)).  The plaintiff need not ultimately succeed on a claim against the resident defendant to defeat removal jurisdiction; rather, the plaintiff must demonstrate only the possibility that a state court would find that the complaint state a valid cause of action.  *Id.* at 1147.  As one court has phrased it:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (quotation omitted). *See also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-53 (3d Cir.1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.").

## DISCUSSION

## I.    AMOUNT IN CONTROVERSY

Although neither Maestas nor Defendants have addressed the issue, a threshold question is whether Maestas' complaint satisfies the required jurisdictional amount of $75,000.  When it appears there is doubt as to the existence of federal subject matter jurisdiction, the Court has an obligation

to raise and address the issue *sua sponte.  See, e.g., Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977).  " 'A court lacking jurisdiction ... must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.' " *Tuck v. United Services Auto. Ass'n,* 859 F.2d 842, 844 (10th Cir. 1988) (quoting *Basso v. Utah Power & Light Co*., 495 F.2d 906, 909 (10th Cir. 1974)), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 839 (1989).

Federal district courts have original jurisdiction of civil actions where both complete diversity of citizenship and an amount in controversy in excess of $75,000 (exclusive of interest and costs) exist. 28 U.S.C. § 1332; *see Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) ("Since its enactment, [the Supreme Court] has interpreted the diversity statute to require 'complete diversity' of citizenship."); *State Farm Mutual Automobile Ins. Co. v. Narvaez*, 149 F.3d 1269 (10th Cir. 1998) (*sua sponte* dismissing case for lack of diversity jurisdiction when claim did not exceed the requisite amount in controversy).

The right to removal is determined from the plaintiff's complaint at the time the petition for removal is filed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). *See Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986).   When the amount in controversy is not apparent on the face of plaintiff's state court complaint, the federal district court must attempt to ascertain the amount in controversy by considering (1) plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) other relevant materials in the record. *Varela v. Wal-Mart Stores, East, Inc*., 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (Baldock, J., sitting by designation) (citing 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3725 at 73 (3d ed.1998)). "It would be an

overreading of *Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001) (Kelly, J., sitting by designation).  Accordingly, courts may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate that he is not seeking damages in excess of the requisite amount.  *Id*.

Because this is an issue of subject matter jurisdiction, the Court reviews the complaint under Fed. R. Civ. P. 12(b)(1).  A review of the complaint in this case reveals no basis from which to conclude that the amount in controversy exceeds $75,000.  Maestas merely makes a demand for "compensatory and punitive damages, including back pay and lost work benefits" as well as attorney's fees[1], but his complaint does not allege any concrete facts (such as the difference in pay between what Maestas received as a Maintenance Craftsman and what he would have received as a supervisor

---

[1]Although Maestas asserts a claim for attorney's fees, that claim is tenuous and, without more, does not establish the amount in controversy.  The "American Rule" provides that, in the absence of a contractual or statutory provision or a judicially-created exception to the contrary, each party bears its own attorney's fees regardless of the outcome of the litigation. *See FDIC v. Schuchmann*, 319 F.3d 1247, 1250 (10th Cir. 2003) (stating that under the American Rule, the prevailing party is not entitled to collect fees from the loser, though recognizing an exception where one party acts in bad faith or for vexatious or oppressive reasons); *Lueker v. First Nat'l Bank of Boston (Guernsey) Ltd.*, 82 F.3d 334, 336 (10th Cir. 1996) ("New Mexico generally does not allow a winning litigant to recover attorneys' fees.").  Maestas' common law claims for breach of contract, breach of the covenant of good faith and fair dealing, tortious interference with contractual relations, and prima facie tort do not entitle him to recovery attorney's fees, and therefore if he were to prevail, he would only be permitted to recover those fees related to his claim under the NMHRA. *See Gonzales v. N.M. Dept. of Health*, 2000-NMSC-029, ¶¶ 35-36, 129 N.M. 586, 11 P.3d 550 (finding that a complainant could receive attorney's fees only for claims under the Human Rights Act); *Gandy v. Wal-Mart Stores, Inc.*, 117 N.M. 441, 443, 872 P.2d 859 859, 861 (1994) ("[A]ttorney's fees are recoverable under the [Human Rights] Act, but generally are not recoverable in a tort action.") (internal citation omitted).

during the relevant time period) from which one might infer the amount of those alleged damages. In some instances, such as where a plaintiff has suffered severe physical injuries or alleges the breach of a contract involving large sums of money, it may be clear from the face of the complaint that more than $75,000 is at issue.  However, there are no obvious and severe damages on the face of the complaint in this case.  *Compare Hanna*, 163 F. Supp. 2d at 1307 (distinguishing *Laughlin* and finding that jurisdictional amount was satisfied where cross-complaint sought damages arising out of severe and permanent physical injuries sustained in a major accident with a semi-tractor trailer in which at least five passengers were killed), *with Laughlin*, 50 F.3d at 872 (jurisdictional amount not satisfied where plaintiff sought damages in excess of $10,000 for each of two employment-related claims).

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of the Tenth Circuit's opinion in *Laughlin* requires a removing defendant to set forth, *in the removal documents*, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying defendant's assertion. 50 F.3d at 873.  In other words, a removing defendant must set forth in the notice of removal specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. When the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence.  *Martin*, 251 F. 3d at 1290 (citations omitted).  In other words, Defendants must show that the amount in controversy more likely than not exceeds $75,000.  *Varela*, 86 F. Supp. 2d at 1111.

In this case, Defendants have not met that burden.  The Notice of Removal contains only a conclusory statement regarding the amount in controversy.  Although Defendants list the various

categories of damages asserted by Maestas, Defendants have failed to come forth with any specific facts to support its allegations regarding the *amount* placed in controversy by Plaintiff's claims. Similarly, the remainder of the official court file that was in place at the time of removal—including exhibits to the complaint and to the notice of removal—contains no evidence to support Defendants' claim regarding the jurisdictional amount.  Because Defendants have not met their burden as defined by the *Laughlin* court, this Court concludes that it lacks subject matter jurisdiction and that it must remand the action to the state district court.

The Court is aware of the tension between *Laughlin* and the New Mexico Rules of Civil Procedure, which provide, "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount."  Rule 1-010(B), NMRA 2005. This prohibition on alleging specific amounts of monetary damages makes it difficult, although not impossible, for defendants to remove a case from a New Mexico state district court to federal court under *Laughlin*. Where a plaintiff's state court complaint does not specifically allege the amount of damages sought, a defendant must be sure to allege in the notice of removal the facts supporting the jurisdictional amount. In this case, for example, Defendants might have been able to meet the *Laughlin* burden by alleging the amount of Maestas' claimed compensatory damages and the value of his lost benefits.  Although it seems that the Tenth Circuit has applied a high standard of pleading, this Court is constrained to follow *Laughlin*.  To do otherwise would violate clearly established Tenth Circuit law and risk putting the parties and the Court through the time and expense of resolving this case on the merits only to have the Tenth Circuit determine that it should have been remanded to state district court for lack of subject matter jurisdiction.

Because the foregoing analysis regarding jurisdictional amount is sufficient to justify remand,

the Court need not address the question of fraudulent joinder.

## II.   ATTORNEY'S FEES

The language of 28 U.S.C. § 1447(c) directs that the award of attorney's fees rests squarely within the discretion of the district court when a remand is ordered. *See* § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") (emphasis added).

As the Tenth Circuit has recognized, "[i]n deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal.  The district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (internal citations omitted).  On the other hand, attorney's fees may be denied where the defendant "had a fair basis for removing the case." *Daleske v. Fairfield Cmtys, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994).  In other words, a plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper. *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004).  Rather, "the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).  *Accord Martin*, 393 F.3d at 1148 (citing *Valdes*).

*Laughlin* has been the law in the Tenth Circuit since 1995.  Its pronouncements are not new, and therefore Defendants should have been aware of their burden to prove that the jurisdictional amount was satisfied.  This is not an instance in which the defendants have attempted but failed to meet their burden of proof.  Rather, Defendants have not provided the Court with any objective basis

for their belief that they were entitled to remove the case based on 28 U.S.C. § 1332. The Defendants failed in that burden, and instead merely made an unsupported assertion that more than $75,000 is at issue.  Thus, the Court finds that it is appropriate to award Maestas his reasonable attorney's fees incurred as a result of the improper removal.  Therefore, in accordance with Local Rule 54.5, Plaintiff's counsel must file a motion, affidavit, and supporting evidence regarding those fees no later than August 5, 2005.

IT IS THEREFORE ORDERED that:

(1)     *Defendants' Rule 12(b)(6) Motion to Dismiss for Fraudulent Joinder* [Doc. No. 7] is **DENIED**;

(2)     *Plaintiff's Motion to Remand* [Doc. No. 14] is **GRANTED**; and

(3)     this case is hereby **REMANDED** to the Second Judicial District Court, Bernalillo County, New Mexico.

UNITED STATES DISTRICT JUDGE